UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH

    Plaintiff,                                    Case No. 2:22-cv-10520

    v.                                     UNITED STATES DISTRICT COURT JUDGE
                                                  GERSHWIN A. DRAIN

THE MICHIGAN DEPARTMENT OF CORRECTIONS,
EXECUTIVE POLICY TEAM/COMMITTEE OF THE MDOC,
ADMINISTRATIVE MANAGEMENT TEAM/DIVISION
OF THE MDOC, OFFICE OF LEGAL AFFAIRS-MDOC,
OFFICE OF PRISONER AFFAIRS-MDOC,
ALL WARDENS OF THE MDOC,
HEIDI WASHINGTON, DIRECTOR OF THE MDOC,
OFFICE OF THE DEPARTMENT OF
ATTORNEY GENERAL-MICHIGAN,
DANA NESSELL, MICHIGAN ATTORNEY GENERAL,
MDOC'S POST-LITIGATION CRITIQUE TEAM, AND
MICHIGAN ATTORNEY GENERAL'S POST-LITIGATION
CRITIQUE TEAM/REPRESENTATIVE,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

**I. INTRODUCTION**

Plaintiff Derrick Lee Cardello-Smith is a Michigan prisoner. He recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Compl. (ECF No. 1). The defendants are: the Michigan Department of Corrections (MDOC); the Director of the MDOC; all MDOC wardens; various teams, committees, divisions, or offices within the MDOC; the Michigan Attorney General; the Office of the

Michigan Attorney General; and post-litigation critique teams within both the MDOC and the Office of the Michigan Attorney General. Plaintiff sues the defendants in their official capacities for declaratory and injunctive relief.

The complaint concerns an MDOC Director's Office Memorandum (DOM) regarding post-litigation critiques of lawsuits involving MDOC and its prisoners. Plaintiff claims that he or another inmate should be permitted to participate in MDOC's post-litigation critiques.

As explained more fully below, the MDOC and the Office of the Attorney General are immune from suit, and neither Plaintiff, nor any other inmate, has a right to participate in MDOC's post-litigation critiques. Accordingly, the Court will dismiss the complaint and deny Plaintiff's request for certification of this matter as a class action.

## II. THE COMPLAINT

Plaintiff filed his complaint on March 1, 2022, when he was incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan.[1] At the time, Plaintiff was the elected representative of 239 prisoners housed in Unit 5 at the prison. Compl. (ECF No. 1, PageID.3.) The issue in dispute here is DOM 2022-27, which defendant Heidi E. Washington circulated to all MDOC wardens and

---

[1] Since then, Plaintiff has been transferred to the Ionia Maximum Correctional Facility in Ionia, Michigan. *See* Notice of Address Change (ECF No. 4).

two MDOC executive and management teams on December 16, 2021. *See id.* at PageID.3-4 and 6-7.[2] The DOM states that

> [a] post-litigation critique of any lawsuit and surrounding circumstances may be conducted by the Office of Legal Affairs Administrator in conjunction with the litigating attorneys from the Department of Attorney General. The intent of the critique is to identify, assess, and correct any noted problem areas. The Office of Legal Affairs Administrator shall chair the critique and shall determine which staff will attend.

*Id*. at PageID.6.

This critique is required for all lawsuits that involve the failure to protect, the use of force, searches, mishandling of prisoner property, cruel and unusual punishment, access to the courts, deliberate indifference, retaliation, certain forms of discrimination, and any other lawsuit deemed appropriate by MDOC's Director, Deputy Director, or the Office of Legal Affairs Administrator. *Id*. at PageID.6-7. The critique must include:

1. A review of the incident that led to the lawsuit.

2. Recommendations for how staff could have handled the incident differently.

3. A determination if any policy directives, operating procedures, or training needs to be developed or updated.

4. If necessary, a plan of action to address any deficiencies that were discovered.

*Id*. at PageID.7.

---

[2] The DOM became effective January 1, 2022. Compl. (ECF No. 1, PageID.6).

Plaintiff argues that the lack of any input from inmates during the adoption and implementation of DOM 2022-27 violates prisoners' rights under the First and Eighth Amendments to the United States Constitution. He contends that inmates are being deprived of an opportunity to present their perspectives, insights, and recommendations on issues affecting prisoners. *Id.* at PageID.4. He wants the Court to certify this case as a class action, to stop implementation of DOM 2022-27, and to declare the DOM unconstitutional. *See id*. at PageID.2-5.

### III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 (PLRA), "[d]istrict courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). When screening a prisoner's complaint, a district court ordinarily "must examine 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A." *Id.*[3]

---

[3] In explaining these two statutory provisions, the Sixth Circuit stated that:

> [t]he requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is neither restricted to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation. Section 1915(e)(2) is applicable throughout the entire

4

Plaintiff prepaid the full filing fee in this case, and § 1915(e)(2) applies only to litigants who are proceeding *in forma pauperis*. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Benson v. O'Brian*, 179 F.3d 1014, 1016-17 (6th Cir. 1999). *Apple* and *Benson*, however, do not prohibit a federal court from screening and dismissing a prisoner's fee-paid civil rights complaint against a governmental official or entity under §1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001). And under § 1915A, "[i]f the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief." *In re Prison Litig. Reform Act*, 105 F.3d at 1134.

Plaintiff's allegations about the MDOC and the Office of the Michigan Attorney General fail to state a claim for which relief may be granted because the Eleventh Amendment bars suits against a state or one of its agencies or

---

> litigation process. Thus, a case that may not appear to initially meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Therefore, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case may proceed in normal course.

*In re Prison Litigation Reform Act*, 105 F.3d at 1134.

5

departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

"Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.' " *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol*, 987 F.2d at 381). Thus, the MDOC and the Office of the Attorney General are immune from suit under the Eleventh Amendment.

"[T]he Eleventh Amendment does not bar suits for equitable, prospective relief . . . against state officials in their official capacity." *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013); *see also Thiokol,* 987 F.2d at 381 (stating that the Eleventh Amendment "does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief") (citing *Ex Parte Young,* 209 U.S. 123 (1908)). Nevertheless, "claims of infringement of a legal interest which clearly does not exist" is a basis for

6

dismissal of a lawsuit. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). And even though inmates have "a first amendment right to participate in civil rights litigation," *Bandstra v. Lewis*, 936 F.2d 576, 1991 WL 113715, at *1 (9th Cir. 1991) (unpublished decision citing *Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir. 1985)), Plaintiff is asserting a right to participate in a state agency's *post*-litigation review of civil rights cases where he was not even a party to the litigation.

Plaintiff's allegations amount to the assertion of a right to inform prison officials of his and other inmates' insights, perspectives, and recommendations on how to operate a prison and avoid conditions that lead to prisoners' lawsuits. This

> assertion of a 'right to inform' states only a claim of entitlement to a particular grievance procedure because he seeks, in essence, a means of bringing complaints regarding his incarceration to the attention of prison officials. As other circuits have recognized, there is no constitutional right to participate in grievance proceedings. *See e.g., Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991).

*Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). !!!

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Id*. (citing *Flick,* 932 F.2d at 729, and *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988)). The Constitution also does not confer on Plaintiff the right to form a consortium of inmates, administrators, and prison officials or the right to participate in the management of the prison. *Herring v. NYS Dep't of Corr. Servs*., No. 05CIV.4504TPG), 2007 WL 2589496, at *1 (S.D. N.Y. Sept. 6, 2007)

7

(unpublished). Thus, Plaintiff's rights under the First Amendment were not violated by the adoption and implementation of DOM 2022-27 without his or another inmate's input.

Plaintiff's Eighth Amendment rights also are not violated. "The Eighth Amendment protects all people from 'cruel and unusual punishments,' " *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020), and failing to include inmates in MDOC's post-litigation critiques is not punishment.

### IV. CONCLUSION

For the reasons given above, Plaintiff has failed to state a claim for which relief may be granted. Accordingly,

**IT IS ORDERED** that Plaintiff's request for class certification is **DENIED**, and his complaint is summarily **DISMISSED**. Plaintiff's Request for a Preliminary Review of the Complaint [ECF No. 5] is **DENIED AS MOOT.** The Court also certifies that an appeal from this decision could not be taken in good faith.

Dated: July 14, 2022　　　　　　　　　　　　/s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 14, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk